IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cr-126-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHAWN LEIGH CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a Joint Motion to Allow Hearings to be Conducted by Videoconference (the "Joint Motion," Doc. 9) and a Motion to Seal Memorandum in Support of Motion to Allow Hearings by Video Conference (the "Motion to Seal," Doc. 10).

I. Background

On December 3, 2019, a two count Bill of Indictment was filed charging Shawn Leigh Chandler ("Defendant") with one count of receiving and attempting to receive child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) and one count of possessing and accessing with the intent to view child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). Doc. 1.

On February 25, 2020, Defendant submitted a financial affidavit. Doc. 5. The undersigned construed that submission to be a motion for the appointment of counsel and granted the request the following day. Doc. 6. Assistant Federal

1

Public Defender Mary Ellen Coleman was thereafter assigned to represent Defendant.

Approximately three years later, on February 9, 2023, a factual basis statement and plea agreement were filed. Docs. 7, 8.

On February 22, 2023, the Joint Motion was filed along with a sealed supporting memorandum and associated exhibits. Docs. 9, 11. The Motion to Seal was also filed. Doc. 10.

## II.  The Joint Motion

The Joint Motion advises that Defendant suffers from an incurable illness, that at the time of his indictment Defendant was residing in a hospital awaiting a skilled nursing facility that would accept him for long-term housing and care, and that he now resides full-time in a skilled nursing facility.

Due to his current physical health conditions and the difficulty of transporting him to court, Defendant requests that his Initial Appearance, Arraignment, Rule 11, and Detention hearings be conducted by videoconference.

The Government joins the request.

Defendant has not been taken into custody and has not appeared before the Court in response to the Bill of Indictment. Further, the undersigned reads the Joint Motion as contemplating, consistent with the usual practice in this district, that numerous hearings in Defendant's case would occur on the same

2

day when he does appear. Consequently, in order for Defendant to appear remotely during all of those proceedings, remote participation must be legally authorized for each type of hearing. His remote appearance must also be possible practically; that is, technological capabilities must exist for such an appearance.

An initial appearance may be conducted by video teleconferencing if the defendant consents. Fed. R. Crim. P. 5(g). Video teleconferencing may also be used to conduct an arraignment, again if the defendant consents. Fed. R. Crim. P. 10(c). It is not clear from the Joint Motion, however, that sufficient video conferencing capabilities are in place at the facility where Defendant is located, or that they could be installed.

A hearing on the issue of pretrial detention must be conducted upon a motion of the Government made pursuant to 18 U.S.C. § 3142(f)(1), or upon a motion of the Government, or on the Court's own motion, made pursuant to 18 U.S.C. § 3142(f)(2). In this district, motions for pretrial detention are typically made orally during initial appearances. Here, Defendant has not yet made an initial appearance, and no motion for pretrial detention has otherwise been made. Consequently, to the extent the Joint Motion asks that a detention hearing be conducted remotely, the request is premature.

As for a hearing under Rule 11 of the Federal Rules of Criminal Procedure during which the Court can consider Defendant's proposed guilty

plea, Rule 43 requires that a defendant be present at a plea hearing. Fed. R. Crim. P. 43.

The 2020 Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (the "CARES Act") previously provided an exception to this requirement and allowed felony plea hearings to be conducted remotely, if certain requirements were met. See § 15002(b)(2)(A); United States v. Coffin, 23 F.4th 778, 781 (7th Cir. 2022); United States v. Torres, No. 21-1970, 2022 WL 17256723, at *3 (2d Cir. Nov. 29, 2022). Plea hearings were conducted by videoconference in individual cases in this district pursuant to this authority, and the Joint Motion requests that the same procedures be followed in Defendant's case.

However, authorization under the CARES Act to conduct felony plea hearings by videoconference expired in this district on September 13, 2022. See COVID-19 STANDING ORDER In Re: Video Teleconferencing for Criminal Proceedings Under Cares Act, 3:20-mc-00048-MR, Doc. 17.

The Joint Motion provides no other authorities that support the use of video teleconferencing in felony plea hearings and research has revealed that courts have concluded such proceedings are not authorized. United States v. Bethea, 888 F.3d 864, 867 (7th Cir. 2018)(holding that "the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference" and agreeing "with the

4

Tenth Circuit that a Rule 43(a) violation constitutes per se error"); accord United States v. Lawrence, 248 F.3d 300, 304 (4th Cir. 2001)(finding, in a case that presented the question of whether Rule 43 requires a defendant to be physically present at sentencing, that "the plain language and the context of Rule 43 indicate that 'presence' in Rule 43 means physical presence").

The information submitted reveals that Defendant struggles with significant health issues, and Defendant's interest in having the subject proceedings conducted remotely is understandable.

However, the Government has charged Defendant with felony offenses, and the adjudication of this matter must be conducted pursuant to the Federal Rules of Criminal Procedure and other controlling authorities. See Lawrence, 248 F.3d at 305 ("We cannot travel where the rule does not go.").

Accordingly, the Joint Motion will be denied.

### III. The Motion to Seal

By the Motion to Seal, Defendant requests that the memorandum and associated exhibits that have been submitted by defense counsel in support of the Joint Motion be placed under seal.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also LCrR 49.1.1.

The undersigned has reviewed the Motion to Seal, the memorandum, and the exhibits and has considered the public's interest in access to the subject documents and alternatives to sealing.

The Motion to Seal has appeared on the public docket since it was filed on February 22, 2023. No response or objection has been submitted by the Government.

Under the circumstances presented, the undersigned finds that Defendant has made a sufficient showing to warrant the sealing of the memorandum and exhibits.

### IV. Status Conference

In view of the denial of the Joint Motion, and bearing in mind the victim's "right to proceedings free from unreasonable delay," 18 U.S.C. § 3771, a status conference will be set to address the continued progression of this matter.

**IT IS THEREFORE ORDERED THAT:**

1. The Joint Motion to Allow Hearings to be Conducted by Videoconference (Doc. 9) is **DENIED**.

2. The Motion to Seal Memorandum in Support of Motion to Allow Hearings by Video Conference (Doc. 10) is **GRANTED**, and the memorandum and exhibits supporting the Joint Motion (Doc. 11) shall remain **SEALED** until further Order of the Court.

3. The Clerk is respectfully directed to schedule a status conference with counsel for the parties. It is not necessary for Defendant himself to appear, unless by the time of the status conference he has been taken into federal custody.

Signed: May 5, 2023

W. Carleton Metcalf
United States Magistrate Judge