IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cr-126-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHAWN LEIGH CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a Renewed Motion to Allow Hearings to be Conducted by Videoconference (the "Renewed Motion," Doc. 14).

I. Background

On December 3, 2019, a two count Bill of Indictment was filed charging Shawn Leigh Chandler ("Defendant") with one count of receiving and attempting to receive child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) and one count of possessing and accessing with the intent to view child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). Doc. 1.

On February 25, 2020, Defendant submitted a financial affidavit. Doc. 5. The undersigned construed that submission to be a motion for the appointment of counsel and granted the request the following day. Doc. 6. Assistant Federal Public Defender Mary Ellen Coleman was thereafter assigned to represent Defendant.

1

Approximately three years later, on February 9, 2023, a factual basis statement and plea agreement were filed. Docs. 7, 8.

On February 22, 2023, a Joint Motion to Allow Hearings to be Conducted by Videoconference was filed (the "Joint Motion," Doc. 9). Therein, the parties advised that Defendant suffers from an incurable illness, and requested, due to Defendant's physical condition and the difficulty of transporting him, that Defendant's initial appearance, arraignment, plea hearing, and detention hearings be conducted by videoconference.

On May 5, 2023, the undersigned denied the Joint Motion. Doc. 12.

On May 19, Defendant filed the Renewed Motion. A status conference was conducted on May 22, and a hearing on the Renewed Motion was held on June 14, 2023.[1]

Following the June 14 hearing, the undersigned took the Renewed Motion under advisement. This Order now follows.

## II.  Discussion

### A. Initial Appearance and Arraignment

As noted in the May 5 Order, the Federal Rules of Criminal Procedure provide that an initial appearance and an arraignment may be conducted by

---

[1] As both the status conference and hearing involved only questions of law, Defendant himself was not required to be present. See Fed. R. Crim. P. 43(b)(3).

video teleconferencing with a defendant's consent. Fed. R. Crim. P. 5(g); 10(c). Here, Defendant consents to these hearings being conducted remotely.

Next, the Renewed Motion provides additional information regarding videoconferencing capabilities with the facility where Defendant is located, including that a paralegal with the Federal Public Defender's Office is able to provide a laptop with audio and video capabilities, a portable printer and scanner, and a mobile "hotspot" device that will allow for an Internet connection during any hearings. See Doc. 14-1.

However, even if it is assumed that a video conference connection can be established that is sufficient to create a record through the Court's recording system, the Court must nonetheless determine whether remote proceedings are appropriate. That is, while Rule 5 and Rule 10 allow such proceedings to be conducted remotely with the consent of a defendant, they do not require remote proceedings, and Defendant acknowledges that even with his consent the Court must use its discretion to determine whether to conduct such remote proceedings.

As Defendant proposes that, consistent with the practice in this district, his initial appearance and arraignment be conducted immediately before his plea hearing, and in light of the undersigned's conclusion, discussed below, that Defendant's presence is required during his plea hearing, it is not necessary for the Court to determine whether Defendant's initial appearance

3

and arraignment should be conducted by remote means separate and apart from Defendant's plea hearing.

### B. Detention Hearing

The Court understands that the Government does not intend to move for an Order directing that Defendant be held in custody prior to his plea hearing and that, if his guilty plea is accepted, the parties will be recommending that Defendant be released on conditions of supervision pursuant to 18 U.S.C. §3145(c) pending sentencing.[2]

Nonetheless, because any hearing related to Defendant's detention would likely take place immediately following Defendant's plea hearing, it is likewise unnecessary for the Court to determine whether any detention hearing may or should be conducted remotely.

### C. Plea Hearing

The primary issue presented by the Renewed Motion is whether Defendant must appear in person before the Court during a hearing under Rule 11 in connection with Defendant's proposed plea of guilty.[3]

Rule 43 of the Federal Rules of Criminal Procedure states as follows:

---

[2] The parties' plea agreement also includes a binding recommendation that no sentence of imprisonment be imposed.

[3] For its part, the Government does not oppose the relief requested by the Renewed Motion, though it also does not take the position that the presence requirement of Rule 43 is waivable.

4

(a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

> (1) the initial appearance, the initial arraignment, and the plea;
>
> (2) every trial stage, including jury impanelment and the return of the verdict; and
>
> (3) sentencing.

(b) When Not Required. A defendant need not be present under any of the following circumstances:

> (1) Organizational Defendant. The defendant is an organization represented by counsel who is present.
>
> (2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing or in the defendant's absence.
>
> (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
>
> (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

(c) Waiving Continued Presence.

> (1) In General. A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
>
>> (A) when the defendant is voluntarily absent after the trial has begun,

5

> regardless of whether the court informed the defendant of an obligation to remain during trial;
>
> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>
> (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.
>
> (2) Waiver's Effect. If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

In United States v. Lawrence, the Fourth Circuit addressed the question of whether Rule 43 "requires a defendant to be physically present at the imposition of sentence, or whether the rule permits a defendant to appear via video teleconference." 248 F.3d 300, 301 (4th Cir. 2001). The court concluded that "the plain text of Rule 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise." Id. at 302. Because the defendant in Lawrence was not physically present at his sentencing hearing, and as his absence did not meet any of Rule 43's exceptions, his sentence was vacated. Id. at 302–03. In reaching its conclusion, the Fourth Circuit explained "that 'presence' in Rule 43 means physical presence." Id. at 304.

Defendant emphasizes that he, unlike the defendant in Lawrence, who objected to his sentencing being conducted remotely, affirmatively seeks to waive his right to be physically present at his plea hearing.[4] In that regard, Defendant argues that although Rule 43 gives a defendant the right to be physically present during a plea hearing, he may waive that right under United States v. Mezzanatto, 513 U.S. 197 (1995).

In Mezzanatto, the Supreme Court considered whether the protections of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6), which "provide that statements made in the course of plea discussions between a criminal defendant and a prosecutor are inadmissible against the defendant," are waivable.[5]

Writing for the majority, Justice Thomas explained that "[a] criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution" and "absent some

---

[4] During the June 14 hearing, defense counsel stated that Defendant was not seeking to waive his presence completely, only to waive his physical presence.

[5] Rule 410, which the Court stated was substantively identical to Rule 11(e)(6), provided:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who ... was a participant in the plea discussions:... (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty....

7

affirmative indication of Congress' intent to preclude waiver, [the Supreme Court has] presumed that statutory provisions are subject to waiver by voluntary agreement of the parties." 513 U.S. 196, 201.

The Court went on to state that its cases interpreting the Federal Rules of Criminal Procedure were consistent with this approach and that the provisions of the Rules "are presumptively waivable, though an express waiver clause may suggest that Congress intended to occupy the field and to preclude waiver under other, unstated circumstances." Id.

In support of this interpretation, the Mezzanatto Court cited Crosby v. United States, 506 U.S. 255 (1993) and contrasted the provisions of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) with the provisions of Rule 43.

In Crosby, the defendant did not appear at the beginning of his trial and could not be located. The trial was then conducted in his absence and the defendant was found guilty. He was later arrested and sentenced, and his convictions were upheld by the court of appeals. The Supreme Court reversed, finding that "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial in absentia of a defendant who is not present at the beginning of trial." Crosby, 506 U.S. at 262. Although the Government argued that Rule 43 did not limit the

8

circumstances in which a defendant's presence may be waived, the Crosby Court rejected that position, stating:

> The Government concedes that the Rule does not specifically authorize the trial *in absentia* of a defendant who was not present at the beginning of his trial. The Government argues, nonetheless, that "Rule 43 does not purport to contain a comprehensive listing of the circumstances under which the right to be present may be waived." Brief for United States 16. Accordingly, the Government contends, Crosby's position rests not on the express provisions of Rule 43, but solely on the maxim *expressio unius est exclusio alterius. Ibid.* We disagree. It is not necessary to invoke that maxim in order to conclude that Rule 43 does not allow full trials *in absentia.* The Rule declares explicitly: "The defendant shall be present ... at every stage of the trial ... *except as otherwise provided* by this rule" (emphasis added). The list of situations in which the trial may proceed without the defendant is marked as exclusive not by the "expression of one" circumstance, but rather by the express use of a limiting phrase. In that respect the language and structure of the Rule could not be more clear.
>
> Crosby, 506 U.S. at 258–259.[6]

The Mezzanatto Court explained its reliance on Crosby as follows:

> In *Crosby*, for example, we held that a defendant's failure to appear for any part of his trial did not constitute a valid waiver of his right to be present under Federal Rule of Criminal Procedure 43. We noted that the specific right codified in Rule 43 "was considered unwaivable in felony cases" at common

---

[6] Rule 43 was subsequently amended. See 2002 Advisory Committee Notes. However, the Rule retains a specific limiting phrase regarding waiver of a defendant's presence. Fed. R. Crim. P. 43(a) ("*Unless this rule, Rule 5, or Rule 10 provides otherwise*, the defendant must be present….") (emphasis added).

9

law, and that Rule 43 expressly recognized only one exception to the common-law rule. 506 U.S., at 259, 113 S.Ct. at 751. In light of the specific common-law history behind Rule 43 and the express waiver provision in the Rule, we declined to conclude that "the drafters intended the Rule to go further." Id., at 260, 113 S.Ct. at 752. Our decision in [Smith v. United States, 360 U.S. 1 (1959)] followed a similar line of reasoning. It held that waiver of the indictment requirement embodied in Federal Rule of Criminal Procedure 7(a) is confined to the specific circumstances outlined in the Rule's text: "Rule 7(a) recognizes that this safeguard may be waived, but only in those proceedings which are noncapital." 360 U.S., at 9, 79 S.Ct. at 997. Unlike Rules 43 and 7(a), however, the plea-statement Rules make no mention of waiver, and so *Crosby* and *Smith* provide no basis for setting aside the usual presumption.

513 U.S. at 201-202 (emphasis added).

The undersigned reads these authorities as standing for the proposition that while a criminal defendant's rights under the Rules are presumptively waivable, specific limiting provisions, such as those appearing Rule 43, may provide otherwise. See Fed. R. Crim P. 43(a) ("Unless this rule, Rule 5, or Rule 10 provides otherwise...."); Mezzanatto, 513 U.S. at 202 ("Unlike [Rule 43] however, the plea-statement Rules make no mention of waiver..."). That is, the waiver provisions in Rule 43 indicate that Congress concluded that the Rule's requirements may be waived only under the circumstances described in section (b) or (c), none of which apply here. The Rule does not include any affirmative

authorization by which a defendant may waive the requirement that he be physically present for a felony plea hearing.

During the June 14 hearing, defense counsel acknowledged that Defendant had not located any case law finding, as Defendant urges the undersigned to conclude here, that a defendant's presence at a felony plea hearing, as required by Rule 43, is waivable.[7]

Similarly, the undersigned's independent research indicates that numerous courts have found that a defendant is required to be present for such a plea hearing, regardless of the defendant's desire to waive his or her presence. See United States v. Bethea, 888 F.3d 864, 867 (7th Cir. 2018) (holding that "the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference") (citing United States v. Williams, 641 F.3d 758, 764 (6th Cir. 2011) ("The text of Rule 43 does not allow video conferencing" and the "structure of the Rule does not support it"); United States v. Torres–Palma, 290 F.3d 1244, 1246–48 (10th Cir. 2002) ("[V]ideo conferencing for sentencing is not within the scope of a district court's discretion."); United States v. Lawrence, 248 F.3d 300, 303–05 (4th Cir. 2001); United States v. Navarro, 169

---

[7] As noted in the undersigned's Order filed on May 5, while the CARES Act previously allowed felony plea hearings to be conducted remotely if certain requirements were met, that authorization expired in this district on September 13, 2022.

F.3d 228, 238–39 (5th Cir. 1999)); United States v. Klos, No. CR –11–233–PHX–DGC, 2013 WL 2237543, at *3 (D. Az. May 20, 2013) ("Defendant has presented valid reasons for wanting to remain in Florida and avoid the necessity and expense of traveling to Phoenix to enter his felony guilty plea. Nevertheless, the Court is without the discretion and authority to permit him to plead guilty by video teleconference"); United States v. Wise, 489 F.Supp.2d 968, 971 (D.S.D. 2007) ("[u]nless and until Rule 43 is amended to allow video conferencing in felony plea and sentencing hearings, or unless and until the Eighth Circuit Court of Appeals approves of this practice, this Court cannot ignore the plain language of the Rule, notwithstanding all parties agreeing to allow video conferencing when the Rule does not do so"); see also United States v. Howell, 24 F.4th 1138, 1143 (7th Cir. 2022) ("Consistent with *Bethea*, we find that Rule 43(c)(1)(B)'s limited exception did not create a general waiver system…"); In re United States, 784 F.2d 1062, 1062-1063 (11th Cir. 1986) (Rule 43 "does not establish the right of a defendant to be present, but rather affirmatively requires presence"); U.S. v. Melgoza, 248 F.Supp.2d 691 (S.D. Ohio 2003) (stating that "the Courts of Appeals have uniformly held that a defendant's participation by video conference is not the same as his presence, as required by Rule 43" and that, although the court had, on one occasion, allowed a defendant to enter a plea of guilty by video conference, the court was

without authority to permit the defendants to enter their guilty pleas by way of video conference).

Finally, Rule 11 itself requires the court to address the defendant "personally in open court." See Fed. R. Crim. P. 11(b)(1); (b)(2); see also Melgoza, 248 F.Supp.2d at 692 (noting that although Rule 5 and Rule 10 were amended, effective December 1, 2002, to permit initial appearances and arraignments to be conducted by video conference, if the defendant consents, Rule 11 was not amended at the same time to permit a defendant to enter a guilty plea by video conference); United States v. Thomas, No. CR 06-40079, 2007 WL 1521531, at *2 (D.S.D. May 21, 2007) (denying request to conduct Rule 11 plea hearing by videoconference because "video conferencing does not satisfy the requirement of presence contained in Rule 11 and Rule 43, notwithstanding Defendant's offer to file a written waiver of right to be present at her change of plea hearing").

**IT IS THEREFORE ORDERED THAT** the Renewed Motion to Allow Hearings to be Conducted by Videoconference (Doc. 14) is **DENIED**.

Signed: June 28, 2023

W. Carleton Metcalf
United States Magistrate Judge